**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| _____ | ) | |
| **RICCARDO A. D'ORSAINVILLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** |
| | ) | **21-10312-FDS** |
| **v.** | ) | |
| | ) | |
| **ANDREW SHEPARD DOHERTY, ADA;** | ) | |
| **SERGEANT DETECTIVE KEVIN T.** | ) | |
| **POWER; LIEUTENANT DETECTIVE** | ) | |
| **MICHAEL CONLEY; DETECTIVE STEVEN** | ) | |
| **CHARBONNIER; DETECTIVE JOHN T.** | ) | |
| **BOYLE; OFFICER JAVIER A. PAGAN;** | ) | |
| **DANIEL SOLOMON, ESQUIRE; NANCY** | ) | |
| **WATTERSON-DIORIO; TERENCE KEANE;** | ) | |
| **EUGENE KELLY; JEFFREY MORRISSEY;** | ) | |
| **and MARK ROSSI,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**ORDER OF DISMISSAL**

**SAYLOR, C.J.**

The Amended Complaint of plaintiff Riccardo D'Orsainville is hereby screened pursuant to 28 U.S.C. §1915(e)(2)(B) and DISMISSED without prejudice.

Plaintiff's federal claims for $2,000,0000 arising from his conviction in state court are barred under the favorable-termination rule of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  As this Court previously informed plaintiff, it is well-settled that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Accordingly, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*  Indeed, "to satisfy the favorable termination element, a plaintiff must show that the prosecution was terminated in such a way as to imply the plaintiff's innocence." *Jordan v. Town of Waldoboro*, 943 F.3d 532, 545 (1st Cir. 2019).

A guilty plea is not a favorable termination. *Cabot v. Lewis*, 241 F. Supp. 3d 239, 250 (D. Mass. 2017) ("A straightforward plea of guilty to a criminal charge would obviously fall within [*Heck's*] scope."). Furthermore, the dismissal of some charges of related conduct as part of a compromise does not constitute favorable termination. *See Parker v. Town of Swansea*, 270 F. Supp. 2d 92, 104 (D. Mass. 2003); *Simmons v. City of Brockton*, CIV. A. 93-12201-RWZ, 1994 WL 725181, at *1 (D. Mass. Dec. 15, 1994).

Here—assuming, without finding, that a Section 1983 claim can be brought against all of the defendants—the federal claims are barred by *Heck*.  The amended complaint alleges that that his underlying convictions are invalid because of various acts and omissions by defendants that resulted in his conviction in state court.  Indeed, it alleges that "[t]he combination of prosecutorial misconduct and the BPD corruption and ineffective assistance of counsel resulted [in plaintiff] accepting a dummy deal from the Commonwealth."  Amend. Compl. 32.  It appears that plaintiff was charged with certain crimes relating to three alleged robberies.  *See Commonwealth v. d'Orsainville*, 1684CR30027.  Although it appears that the Commonwealth might have been inclined to dismiss the charges relating to one of the victims, the charges were

ultimately dismissed only upon the guilty plea relating to the other two victims.  *See* Tr. January 27, 2020 Criminal Action Hearing, ECF No. 6-1 18-19; Tr. January 28, 2020 ECF No. 6-1 77-79, 84.

The transcripts appended to the complaint conclusively establish that the dismissals do not imply plaintiff's innocence.  Rather, the Commonwealth was not inclined to go forward with the claims concerning the third victim because of the fragile emotional state of the victim.  Tr. January 27, 2020 Criminal Action Hearing, ECF No. 6-1 18-19; Tr. January 28, 2020 ECF No. 6-1 51-53.  The Commonwealth also requested, and received, an order that plaintiff have no contact with the victim in the dismissed case.  Criminal Action Hearing Tr. January 28, 2020 ECF No. 6-1 48-50.  Only upon imposition of the sentence did the Commonwealth dismiss the counts against the third victim, among other counts.  *Id.*

In short, based upon the record of the hearing before the Superior Court, it is evident that the prosecution was *not* terminated in a manner that implied plaintiff's innocence, but rather the opposite.  To be sure, while plaintiff is, in effect, attacking all of the underlying crimes of conviction, the Court notes that he testified under oath that he committed those crimes in a sentencing colloquy before the state court, and that his guilt was the reason he was pleading guilty.  Criminal Action Hearing Tr. January 28, 2020 ECF No. 6-1 80, 85.

Accordingly, the allegations of the amended complaint fall squarely within the *Heck* bar as to all federal claims brought under Section 1983.  *See Evariste v. City of Boston*, CV 18-12597-FDS, 2020 WL 1332835, at *3 (D. Mass. Mar. 23, 2020) (*Heck* bars false arrest claims) (collecting cases); *Cabot v. Lewis*, 241 F. Supp. 3d 239, 258 (D. Mass. 2017) (*Heck* bar applies to false imprisonment claims).  Where the purported federal constitutional claims are dismissed under *Heck*, this Court declines to exercise supplemental jurisdiction over any purported state-

law claims pursuant to 28 U.S.C.§ 1367(c)(3).

The clerk is directed to enter a separate order of dismissal.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  June 10, 2021                       Chief Judge, United States District Court

4